PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

DOCKET NUMBER *(Tran. Court)*
4:05CR00249 CAS

DOCKET NUMBER *(Rec. Court)*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br>Brandice Monique Garrett | DISTRICT<br>Eastern District of Missouri | DIVISION<br>St. Louis |
|---|---|---|

NAME OF SENTENCING JUDGE
The Honorable Charles A. Shaw
United States District Judge

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>December 21, 2005 | TO<br>December 20, 2008 |
|---|---|---|

OFFENSE
Conspiracy to Commit Bank Fraud

**FILED**
September 3, 2008
SEP  3 2008  **08 CR   638**
September 3, 2008
**MICHAEL W. DOBBINS**

**PART 1 - ORDER TRANSFERRING JURISDICTION**  CLERK, U.S. DISTRICT COURT.

**JUDGE NORGLE**

UNITED STATES DISTRICT COURT FOR THE "Eastern District of Missouri"     **MAGISTRATE JUDGE MASON**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

7/23/08
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "Northern District of Illinois"

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

AUG - 8 2008

James F. Holderman
*United States District Judge*

_____
*Effective Date*

**FILED**
September 3, 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

CLOSED

# U.S. District Court
## Eastern District of Missouri (LIVE) (St. Louis)
## CRIMINAL DOCKET FOR CASE #: 4:05-cr-00249-CAS-17
### Internal Use Only

Case title: USA v. Moore, et al.

Date Filed: 05/05/2005
Date Terminated: 12/21/2005

---

Assigned to: Honorable Charles A. Shaw

*(handwritten: 08cr638 Judge norgle My ... Mason)*

**Defendant (17)**

**Brandice Garrett**
*TERMINATED: 12/21/2005*

represented by **Shawn A. Goulet**
LAW OFFICE OF SHAWN A. GOULET
130 S. Bemiston Avenue
Suite 508
Clayton, MO 63105
314-550-4937
Fax: 314-721-1519
Email: goulets4@sbcglobal.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

*(stamp: JAMES G. WOODWARD, CLERK A TRUE COPY OF THE ORIGINAL UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI BY ____ DEPUTY CLERK)*

**Pending Counts**

CONSPIRACY TO COMMIT BANK FRAUD
(1r)

**Disposition**

The defendant is placed on 3 years probation that maybe terminated after 2 years if the defendant complies with all of her conditions of probation.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

BANK FRAUD
(7r)

**Disposition**

Count 7 dismissed on motion of the Government

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Matthew T. Schelp** |
| | | OFFICE OF U.S. ATTORNEY |
| | | 111 S. Tenth Street |
| | | 20th Floor |
| | | St. Louis, MO 63102 |
| | | 314-539-2200 |
| | | Email: matthew.schelp@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/05/2005 | 1 | INDICTMENT Tyrone Moore (1) count(s) 1, 2-9, 11-12, Wm. Dupree (2) count(s) 1, 10, 13, Anthony Ivy (3) count(s) 1, Glen Harrell (4) count(s) 1, Israel Lewis count(s) 1, 8, James Landry(6) count(s) 1, Alberto Santos(7) count(s) 1, Piscella Zellarchaffers (8) count(s) 1, 3, Natalie Roberts(9) count(s) 1, 5, Tia Williams (10) count(s) 1, 4, Lakeshia Dunn(11) count(s) 1, 2, Jeaneissa Watkins(12) count(s) 1, 6, Katherine Alter(13) count(s) 1, 9, Jennifer Jones(14) count(s) 1, Lakreathcia Wideman(15) count(s) 1, 11, John Landry (16) count(s) 1, 12, Brandice Garrett(17) count(s) 1, 7. (LSD, ) Modified on 5/19/2005 (LSD, ). Additional attachment(s) added on 5/19/2005 (LSD, (Entered: 05/09/2005) |
| 05/05/2005 | 2 | ENTRY OF ATTORNEY APPEARANCE Matthew T. Schelp appearing for USA. (LSD, ) (Entered: 05/09/2005) |
| 05/05/2005 | 3 | Order:...IT IS BY THE COURT ORDERED that said indictment shall be sealed and suppressed by the Clerk of the Court until said defendants is in custody or has given bail for the defendant's final appearance. Order as to all defts. Signed by Judge Rodney W. Sippel on 5/5/05. (LSD, ) Modified on 5/19/2005 (LSD, ). (Entered: 05/09/2005) |
| 05/05/2005 | | Warrant Issued as to INDICTMENT in case as to Tyrone Moore , William Dupree , Anthony Ivy, Glen Harrell, Israel Lewis, James Landry, ALberto Santos, Priscella Zellarchaffers, Natalie Roberts, Tia Williams, Lakeshia Dunn, Jeaneissa Watkins, Katherine Alter, Jennifer Jones Lakreathcia Wideman, John Landry, Brandice Garrett. (LSD, ) Modified on 5/19/2005 (LSD, ). (Entered: 05/09/2005) |
| 05/05/2005 | 4 | REDACTED INDICTMENT as to Tyrone C. Moore (1): Former count 1 is now count 1r. Former count 2-9 is now count 2r-9r. Former count 11-12 is now count 11r-12r. William Anthony Dupree (2): Former count 1 is now count 1r. Former count 10 is now count 10r. Former count 13 is now count 13r. Anthony L. Ivy (3): Former count 1 is now count 1r. Glen F. Harrell |

| | | |
|---|---|---|
| | | (4): Former count 1 is now count 1r. Israel Lewis (5): Former count 1 is now count 1r. Former count 8 is now count 8r. James H. Landry (6): Former count 1 is now count 1r. Alberto Santos (7): Former count 1 is now count 1r. Priscella Zellarchaffers (8): Former count 1 is now count 1r. Former count 3 is now count 3r. Natalie Roberts (9): Former count 1 is now count 1r. Former count 5 is now count 5r. Tia Williams (10): Former count 1 is now count 1r. Former count 4 is now count 4r. Lakeshia M. Dunn (11): Former count 1 is now count 1r. Former count 2 is now count 2r. Jeaneissa L. Watkins (12): Former count 1 is now count 1r. Former count 6 is now count 6r. Katherine L. Alter (13): Former count 1 is now count 1r. Former count 9 is now count 9r. Jennifer L. Jones (14): Former count 1 is now count 1r. Lakreathca F. Wideman (15): Former count 1 is now count 1r. Former count 11 is now count 11r. John A. Landry (16): Former count 1 is now count 1r. Former count 12 is now count 12r. Brandice Garrett (17): Former count 1 is now count 1r. Former count 7 is now count 7r.. (LSD, ) (Entered: 05/19/2005) |
| 05/10/2005 | 6 | REQUEST by USA as to Brandice Garrett re: correcting criminal cover sheet (CEL, ) (Entered: 05/20/2005) |
| 05/19/2005 | 5 | LETTER LIFTING SUPPRESSION - Indictment/Superseding Indictment unsealed as to Tyrone C. Moore, William Anthony Dupree, Anthony L. Ivy, Glen F. Harrell, Israel Lewis, James H. Landry, Alberto Santos, Priscella Zellarchaffers, Natalie Roberts, Tia Williams, Lakeshia M. Dunn, Jeaneissa L. Watkins, Katherine L. Alter, Jennifer L. Jones, Lakreathcia F. Wideman, John A. Landry, IV, Brandice Garrett (LSD, ) (Entered: 05/19/2005) |
| 07/12/2005 | 149 | ORDER as to Tyrone Y. Moore, William Anthony Dupree, Anthony L. Ivy, Glen F. Harrell, Israel Lewis, James H. Landry, Alberto Santos, Priscella Zellarchaffers, Natalie Roberts, Tia Williams, Lakeshia M. Dunn, Jeaneissa L. Watkins, Katherine L. Alter, Jennifer L. Jones, Lakreathcia F. Wideman, John A. Landry, IV, Brandice Garrett; In Court Hearing set for 7/18/2005 09:00 AM in Courtroom 9N before Mag Judge Audrey G. Fleissig with respect to Priscella Zellarchaffers, Natalie Roberts, John A. Landry, IV, Alberto Santos; On or before July 18, 2005 Anthony L. Ivy, Glen F. Harrell and Jennifer L. Jones shall file either written pretrial motions, in compliance with this Court's previous Pretrial Order, or waiver of motions; In the event Anthony L. Ivy or Jennifer L. Jones intends to file a waiver of pretrial motions on July 18, 2005, said Defendants and their counsel shall attend the hearing scheduled on Monday July 18, 2005 at 9:00 am, at which time the waiver will be taken in open court; In the event Glen F. Harrell files a waiver of pretrial motions on July 18, 2005, the Court will hold a hearing on said waiver on July 19, 2005 at 9:00 am; If these three defendants files pretrial motions, said defendant need not attend the hearing on July 18, or July 19, 2005, as set forth and the court will thereafter set a schedule for the filing of responses and for a hearing on any pretrial motions; Defendants Tia Williams and Kareathcia F. Wideman shall have additional time to and including July 25, 2005, to file any pretrial motion or waiver of motions; Having been advised that defendant James H. Landry and Jeaneissa L. Watkins have entered pleas of guilty before the Honorable Charles A. Shaw on this date, there is no need for the undersigned to |

| | | |
|---|---|---|
| | | conduct further pretrial proceedings with respect to said defendants; Any defendant scheduled to appear with respect to waiver of motions who is on bond and residing outside the EDMO may attend the hearing by telephone, provided that counsel contacts the chambers of the undersigned no less than 24 hours prior to the date of the hearing and advises the Court of both defendant's desire to attend by telephone and the telephone number at which the defendant may be reached at the time of the hearing; Any defendant who does not advise the court of both the intent to attend by telephone and the telephone number at which he or she can be reachd will be expected to attend in person; In any event, counsel for the defendant and for the government shall attend the waiver hearing in person; IT IS FURTHER ORDERED that the motions for additional time to file pretrial motions filed by Defendants Jennifer L. Jones and Tia Williams (Doc #142) are hereby granted; IT IS FURTHER ORDERED that the motion for additional time to file pretrial motions filed by Defendant Lakeshia M. Dunn (Doc #34) is hereby DENIED as moot, said defendant having since entered a plea of guilty signed by Judge Audrey G. Fleissig on July 12, 2005.(GLF) (Entered: 07/13/2005) |
| 07/13/2005 | | (Court only) ***Motions terminated as to Tyrone Y. Moore, William Anthony Dupree, Anthony L. Ivy, Glen F. Harrell, Israel Lewis, James H. Landry, Alberto Santos, Priscella Zellarchaffers, Natalie Roberts, Tia Williams, Lakeshia M. Dunn, Jeaneissa L. Watkins, Katherine L. Alter, Jennifer L. Jones, Lakreathcia F. Wideman, John A. Landry, IV, Brandice Garrett: 34 MOTION for Extension of Time to File Pretrial Motions filed by Lakeshia M. Dunn, 28 MOTION for Extension of Time to File Pretrial Motions filed by Jennifer L. Jones, 142 MOTION for Extension of TIME TO FILE PRETRIAL MOTIONS filed by Tia Williams.(GLF) (Entered: 07/13/2005) |
| 07/29/2005 | 182 | ORDER as to Tyrone Y. Moore, William Anthony Dupree, Anthony L. Ivy, Glen F. Harrell, Israel Lewis, James H. Landry, Alberto Santos, Priscella Zellarchaffers, Natalie Roberts, Tia Williams, Lakeshia M. Dunn, Jeaneissa L. Watkins, Katherine L. Alter, Jennifer L. Jones, Lakreathcia F. Wideman, John A. Landry, IV, Brandice Garrett - IT IS HEREBY ORDERED that the criminal trial of this matter is scheduled on the Court's docket for **TUESDAY, SEPTEMBER 6,2005 AT 9:30 AM**. Jury Trial set for 9/6/2005 09:30 AM in Courtroom 12N before Honorable Charles A. Shaw.. Signed by Judge Charles A. Shaw on 7/29/2005. (MRC, ) (Entered: 07/29/2005) |
| 08/05/2005 | 194 | Application for Writ of Habeas Corpus ad Prosequendum as to Brandice Garrett. The clerk of the Court is ordered to issue writ of Habeas Corpus ad Prosequendum. WRIT ISSUED (GLF) (Entered: 08/10/2005) |
| 08/05/2005 | | Arrest of defendant Brandice Garrett date of arrest: August 5, 2005. Writ of Habeas Corpus ad Prosequendum issued.(GLF) (Entered: 08/10/2005) |
| 09/07/2005 | | Arrest of defendant Brandice Garrett date of arrest: 9/7/05 (LGK, ) (Entered: 09/08/2005) |
| 09/07/2005 | 228 | Minute Entry for proceedings held before Judge Mary Ann L. |

| | | |
|---|---|---|
| | | Medler :Initial Appearance/Rule 5 as to Brandice Garrett held on 9/7/2005 Brandice Garrett (17) $5,000 secured. Defendant given copy of: indictment. Defendant to retain: n/a. Court to appoint: attorney to be named. Pretrial Services bail report received on: 9/7/05. Pretrial Sevices Officer: Shannon Shaw. Arraignment set for 9/9/2005 09:30 AM before Mag Judge Audrey G. Fleissig. (Court Reporter or FTR Gold Operator initials:Debbie O'Leary.) (FTR Gold : yes.) (proceedings started: 2:34 p.m..) (proceedings ended: 2:36 p.m..) (Defendant Location: custody.) (LGK, ) (Entered: 09/08/2005) |
| 09/07/2005 | 229 | CJA 23 FINANCIAL AFFIDAVIT by Brandice Garrett (LGK, ) Modified on 9/21/2005 (LGK, ). (Entered: 09/08/2005) |
| 09/07/2005 | 234 | Warrant Returned Executed on 9/6/05 in case as to Brandice Garrett re: Indictment(GLF) (Entered: 09/12/2005) |
| 09/07/2005 | 235 | CJA 20 as to Brandice Garrett: Appointment of Attorney Shawn A. Goulet for Brandice Garrett signed by Judge Mary Ann L. Medler on 09/7/05. (GLF) (Entered: 09/12/2005) |
| 09/09/2005 | 232 | ORDER CONCERNING PRETRIAL MOTIONS as to Brandice Garrett Forthwith each party may propound to opposing party and may file w/the court any request for pretrial disclosure of evidence or information not later than 9/14/05. The parties shall respond to any such request for pretrial disclosure not later than 9/19/05. Counsel for defendant to file with the court a memorandum if defendant chooses not to file any pretrial motions not later than 9/26/05. Criminal Pretrial Motion due by 9/26/2005. Evidentiary Hearing set for 10/5/2005 09:00 AM before Mag Judge Audrey G. Fleissig. Jury Trial set for 11/7/2005 09:00 AM before Honorable Charles A. Shaw.. Signed by Judge Audrey G. Fleissig on 9/9/05. (LGK, ) (Entered: 09/09/2005) |
| 09/09/2005 | 236 | Minute Entry for proceedings held before Judge Audrey G. Fleissig-Arraignment; Parties present for arraignment; Defendant waives reading of indictment; plea of not guilty as to Brandice Garrett (17) Count 1r,7r held on 9/9/2005.(Court Reporter or FTR Gold Operator initials:L. Kresko)(FTR Gold: yes) (Proceedings started: 9:48 am) (proceedings ended: 9:56 am) (Defendant Location: Custody) (GLF) (Entered: 09/12/2005) |
| 09/23/2005 | 249 | WAIVER of Filing Pretrial Motions by Brandice Garrett (Goulet, Shawn) (Entered: 09/23/2005) |
| 09/29/2005 | 255 | ORDER as to Brandice Garrett : the court having been advised that a guilty plea was entered by deft on 9/29/05 before Judge Shaw, the Evidentiary hearing scheduled for 10/5/05 is hereby cancelled. As there are no motions pending this matter is no longer referred to the undersigned for pretrial matters. . Signed by Judge Audrey G. Fleissig on 9/29/05. (CEL, ) (Entered: 09/29/2005) |
| 09/29/2005 | 257 | Minute Entry for proceedings held before Judge Charles A. Shaw :Change of Plea Hearing as to Brandice Garrett held on 9/29/2005; Guilty on counts 1. Counts held in abeyance until sentencing: 7; Sentencing set for 12/15/2005 11:00 AM in Courtroom 12N before Honorable Charles A. |

| | | Shaw. (Court Reporter or FTR Gold Operator initials:Sue Moran.) (FTR Gold : no.) (proceedings started: 1:00 p.m..) (proceedings ended: 1:10 p.m..) (Defendant Location: custody.) (KXS, ) (Entered: 09/30/2005) |
|---|---|---|
| 09/29/2005 | 258 | PLEA AGREEMENT, GUIDELINES RECOMMENDATIONS AND STIPULATIONS by Brandice Garrett, USA as to Brandice Garrett (KXS, ) (Entered: 09/30/2005) |
| 09/30/2005 | | (Court only) Case as to Brandice Garrett no longer referred to Audrey G. Fleissig. (GLF) (Entered: 09/30/2005) |
| 09/30/2005 | 256 | ORDER as to Brandice Garrett IT IS HEREBY ORDERED that the sentencing proceedings ofdefendant Brandice Garrett are scheduled on Thursday, December 15,2005, at 11:00 a.m. in Courtroom 12-N. Signed by Judge Charles A. Shaw on 9/30/05. (KXS, ) (Entered: 09/30/2005) |
| 10/03/2005 | 270 | EX PARTE MOTION FOR ORDER (JWJ, ) (Entered: 10/04/2005) |
| 11/16/2005 | 325 | ACCEPTANCE TO PRESENTENCE INVESTIGATION REPORT by USA as to Brandice Garrett (Schelp, Matthew) (Entered: 11/16/2005) |
| 11/23/2005 | 336 | ACCEPTANCE TO PRESENTENCE INVESTIGATION REPORT by Brandice Garrett *Acceptance of Presentence Investgation Report* (Goulet, Shawn) (Entered: 11/23/2005) |
| 12/14/2005 | 352 | SCHEDULING ORDER as to Brandice Garrett Sentencing reset for 12/21/2005 11:00 AM before Honorable Charles A. Shaw.. Signed by Judge Charles A. Shaw on 12/14/05. (LGK, ) (Entered: 12/14/2005) |
| 12/21/2005 | 355 | Minute Entry for proceedings held before Judge Charles A. Shaw :Sentencing as to Brandice Garrett held on 12/21/2005 (Court Reporter or FTR Gold Operator initials:sue moran.) (FTR Gold : no.) (proceedings started: 11:00.) (proceedings ended: 11:20.) (Defendant Location: probation.) (JWJ, ) (Entered: 12/22/2005) |
| 12/21/2005 | 356 | JUDGMENT as to Brandice Garrett (17), Count(s) 1r, The defendant is placed on 3 years probation that maybe terminated after 2 years if the defendant complies with all of her conditions of probation.; Count(s) 7r, Count 7 dismissed on motion of the Government . Signed by Judge Charles A. Shaw on 12/21/05. (JWJ, ) (Entered: 12/22/2005) |
| 12/21/2005 | 357 | PRESENTENCE INVESTIGATION REPORT w/statement of reasons page attached (FILED UNDER SEAL) as to Brandice Garrett (JWJ, ) (Entered: 12/23/2005) |
| 12/30/2005 | 362 | Marshal's Return on Judgment as to Brandice Garrett on 12/29/2005.- The defendant as released on probation to 3 years probation. (MRC, ) (Entered: 01/03/2006) |
| 06/15/2006 | 395 | (Court only) PETITION for Warrant/Summons for Offender Under Supervision as to Brandice Garrett. Signed by Judge Charles A. Shaw on 06/15/2006. WARRANT ISSUED (SAJ, ) (Entered: 06/16/2006) |
| 08/25/2006 | | (Court only) ***Case Terminated as to Tyrone Y. Moore, William Anthony |

| | | |
|---|---|---|
| | | Dupree, Anthony L. Ivy, Glen F. Harrell, Israel Lewis, James H. Landry, Alberto Santos, Priscella Zellarchaffers, Natalie Roberts, Tia Williams, Lakeshia M. Dunn, Jeaneissa L. Watkins, Katherine L. Alter, Jennifer L. Jones, Lakreathcia F. Wideman, John A. Landry, IV, Brandice Garrett (JWJ, ) (Entered: 08/25/2006) |
| 11/01/2006 | 400 | Minute Entry for proceedings held before Judge Mary Ann L. Medler :Initial Appearance re Revocation of Probation as to Brandice Garrett held on 11/1/2006; Detention Hearing set for 11/3/2006 09:30 AM in Courtroom 13S before Mag Judge Mary Ann L. Medler. Preliminary Revocation Hearing set for 11/3/2006 09:30 AM in Courtroom 13S before Mag Judge Mary Ann L. Medler. (Court Reporter or FTR Gold Operator initials:Lisa Holwitt.) (FTR Gold : yes.) (proceedings started: 11:42 a.m..) (proceedings ended: 11:44 a.m..) (Defendant Location: custody.) (KXS, ) (Entered: 11/02/2006) |
| 11/01/2006 | 401 | CJA 23 Financial Affidavit by Brandice Garrett (KXS, ) (Entered: 11/02/2006) |
| 11/01/2006 | 402 | ORAL MOTION for appointment of counsel by Brandice Garrett. (KXS, ) (Entered: 11/02/2006) |
| 11/01/2006 | 409 | CJA 20 as to Brandice Garrett: Appointment of Attorney Shawn A. Goulet for Brandice Garrett. Signed by Judge Mary Ann L. Medler on 11/1/06. (ARL) (Entered: 11/08/2006) |
| 11/02/2006 | 405 | Warrant Returned Executed on 11/1/06 in case as to Brandice Garrett re: violation of conditions of release (KXS, ) (Entered: 11/03/2006) |
| 11/03/2006 | | (Court only) MOTIONS as to Brandice Garrett REFERRED to Magistrate Judge: Medler 402 ORAL MOTION Re: for appointment of counsel (KXS, ) (Entered: 11/03/2006) |
| 11/03/2006 | 403 | Minute Entry for proceedings held before Judge Mary Ann L. Medler :Detention Hearing as to Brandice Garrett held on 11/3/2006, Preliminary Revocation Hearing as to Brandice Garrett held on 11/3/2006; deft waives both hearings; Final Probation Revocation Hearing set for 11/7/2006 11:30 AM in Courtroom 12N before Honorable Charles A. Shaw. (Court Reporter or FTR Gold Operator initials:Lisa Holwitt.) (FTR Gold : yes.) (proceedings started: 9:42 a.m..) (proceedings ended: 9:49 a.m..) (Defendant Location: custody.) (KXS, ) (Entered: 11/03/2006) |
| 11/03/2006 | 404 | WAIVER OF PRELIMINARY HEARING, WAIVER OF DETENTION HEARING, AND ORDER OF DETENTION as to Brandice Garrett . Signed by Judge Mary Ann L. Medler on 11/3/06. (KXS, ) (Entered: 11/03/2006) |
| 11/03/2006 | 406 | Unrestricted Document: Petition for Warrant/Summons for Offender Under Supervision as to Brandice Garrett; warrant issued on violations of conditions of release . Signed by Judge Charles A. Shaw on 6/15/06. (KXS, ) (Entered: 11/03/2006) |
| 11/07/2006 | 407 | Minute Entry for proceedings held before Judge Charles A. Shaw :Final |

| | | |
|---|---|---|
| | | Probation Revocation Hearing as to Brandice Garrett held on 11/7/2006. Defendant admits guilt to the allegations outlined in the Petition. Court orders that the defendant continue on all the terms and conditions of her Probation as set out in the judgment entered on 12/21/2005. Written order to be issued. (Court Reporter or FTR Gold Operator initials:Susan Moran.) (FTR Gold : no.) (proceedings started: 11:48 am.) (proceedings ended: 12:00 pm.) (Defendant Location:remanded to custody to be released upon order of Court.) (MRC, ) (Entered: 11/08/2006) |
| 11/07/2006 | 408 | ORDER as to Brandice Garrett - Probation Revocation in the above cause heard. The Court orders that the defendant Brandice Garrett be continued on her probation establised in the judgment entered on 12/21/2005 and that all the original conditions of that judgment are in full force and effect. Court orders that the defendant be released from custody and be continued on her probation.. Signed by Judge Charles A. Shaw on 11/7/2006. (MRC, ) (Entered: 11/08/2006) |
| 08/15/2008 | 423 | Probation Jurisdiction Transferred to Northern District of IL as to Brandice Garrett Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (LGK) (Entered: 08/28/2008) |



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) No. |
|  | ) |
| TYRONE Y. MOORE, and | ) |
| WILLIAM ANTHONY DUPREE, | ) |
|   a/k/a "LESLIE IVY" and | ) |
| ANTHONY L. IVY, | ) |
|   a/k/a "BIG ANTHONY," and | ) |
| GLEN F. HARRELL, | ) |
|   a/k/a "ROBERT T. ADDISSON", | ) |
|   a/k/a "THE REV," and | ) |
| ISRAEL LEWIS, and | ) |
| JAMES H. LANDRY, and | ) |
| ALBERTO SANTOS, | ) |
|   a/k/a "TICO," and | ) |
| PRISCELLA ZELLARCHAFFERS, and | ) |
| NATALIE ROBERTS, and | ) |
| TIA WILLIAMS, and | ) |
| LAKESHIA M. DUNN, and | ) |
| JEANEISSA L. WATKINS, and | ) |
| KATHERINE L. ALTER, | ) |
|   a/k/a "KATHERINE L. MOORE", and | ) |
| JENNIFER L. JONES, and | ) |
| LAKREATHCIA F. WIDEMAN, and | ) |
| JOHN A. LANDRY, IV, and | ) |
| BRANDICE GARRETT | ) |
|  | ) |
|  | ) |
| Defendants. |  |

No.

**4:05 CR 00249 CAS**

FILED

DISTRICT COURT

## **INDICTMENT**

## **COUNT ONE**

The Grand Jury charges that:

## **INTRODUCTION**

JAMES G. WOODWARD, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY _____
                    DEPUTY CLERK

1.  At all times relevant to this indictment, TCF Bank, Advance Bank, First Midwest

Bank, Bank of America, and Allegiant Bank were financial institutions doing business in the

Eastern District of Missouri and elsewhere, whose deposits were insured by the Federal Deposit

Insurance Corporation (FDIC).

2.  Beginning in or about March 2002, with the exact date unknown, and continuing until

in or about September 2003, in the Eastern District of Missouri and elsewhere,

**TYRONE Y. MOORE, and**
**WILLIAM ANTHONY DUPREE, a/k/a "LESLIE IVY" and**
**ANTHONY L. IVY, a/k/a "BIG ANTHONY," and**
**GLEN F. HARRELL, a/k/a "ROBERT T. ADDISSON", a/k/a "THE REV," and**
**ISRAEL LEWIS, and**
**JAMES H. LANDRY, and**
**ALBERTO SANTOS, a/k/a "TICO," and**
**PRISCELLA ZELLARCHAFFERS, and**
**NATALIE ROBERTS, and**
**TIA WILLIAMS, and**
**LAKESHIA M. DUNN, and**
**JEANEISSA L. WATKINS, and**
**KATHERINE L. ALTER, a/k/a "KATHERINE L. MOORE", and**
**JENNIFER L. JONES, and**
**LAKREATHCIA F. WIDEMAN, and**
**JOHN A. LANDRY, IV, and**
**BRANDICE GARRETT**

the defendants herein, did knowingly and willfully conspire, combine, confederate and agree with

each other and other persons known and unknown to the Grand Jury, to commit certain offenses

against the United States; that is, to execute a scheme and artifice to defraud TCF Bank, Advance

Bank, First Midwest Bank, Bank of America, and Allegiant Bank, all of which were and are

insured by the FDIC, and to obtain monies, funds, assets or other property owned by or under the

3    (there is no Page 2)    *SEH by SCD*

control or custody of said banks, by means of materially false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344.

## MEANS AND METHODS

3. It was part of the conspiracy that some of the conspirators traveled from Chicago, Illinois to the Eastern District of Missouri and elsewhere for the purpose of establishing and directing a group of conspirators in making large scale fraudulent purchases from area retailers using worthless fraudulent or counterfeit checks.

4. It was further part of the conspiracy that **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"** recruited other conspirators in the Eastern District of Missouri and elsewhere to participate in this scheme and the conspirators agreed to make specific purchases of specific items at specific locations and times as directed by **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"**, or **Anthony L. Ivy, a/k/a "Big Anthony"**. The conspirators were recruited with promises that they would be paid for their actions as part of this scheme and/or be allowed to keep some of the merchandise purchased in the course of the scheme.

5. It was further part of the conspiracy that conspirators used funds provided by **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"**, or **Anthony L. Ivy, a/k/a "Big Anthony"**, to open checking accounts at branches of the banks detailed above in the Eastern District and elsewhere. Once the checking accounts were open, the conspirators, who opened the accounts in their real name, surrendered to **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"**, or **Anthony L. Ivy, a/k/a "Big Anthony"**, the accounts' starter checks,

4

account pin numbers, account codes, and any and all related account documents and materials to **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"**, thus giving these individuals complete control of the accounts.

6. It was further part of the conspiracy that in some instances, conspirators who traveled from their home state to the Eastern District of Missouri and elsewhere to participate in this scheme fraudulently obtained state identification cards from Missouri or other states using an address provided by **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"**. The state identification cards were then used to open the checking accounts and to make fraudulent retail purchases.

7. It was further part of the conspiracy that once the checking accounts were open, checks were printed by **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"** for their co-conspirators to use in fraudulent retail purchases.

8. It was further part of the conspiracy that **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"** organized other conspirators for the purpose of making fraudulent retail purchases in the Eastern District of Missouri and elsewhere. **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"** directed other conspirators to a specific retail establishment, directed what time they should go to the store, and directed the purchase of specific items. As part of this scheme, **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"** often instructed their co-conspirators to

purchase DeWalt power tool combo kits from Lowe's or Home Depot stores in the Eastern

District of Missouri and elsewhere.

9.     It was further part of the conspiracy that **Tyrone Y. Moore** or **William Anthony**

**Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"** arranged transportation,

including limousine services, for their co-conspirators and arranged to have them driven around

the Eastern District of Missouri and elsewhere as they directed to execute this scheme.

10.     It was further part of the conspiracy that in some instances, knowing the

specific times and places where the fraudulent activity was to occur, **Tyrone Y. Moore** or

**William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"** used

the pin numbers, codes and other account documentation provided by the co-conspirators to

temporarily transfer funds into the conspirator's fraudulent bank accounts so it appeared to the

retail store when it called the bank to verify the availability of funds that sufficient funds were

available when the conspirators presented fraudulent checks at the time of purchase.

11.     It was further part of the conspiracy that in some instances **Tyrone Y. Moore** or

**William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"** used

the pin numbers, codes and other account documentation provided by the co-conspirators to

remove the funds from the conspirators check accounts immediately after the purchase, thus

making checks presented to the retail establishment worthless.

6



12.     It was further part of the conspiracy that in some instances **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"** produced worthless counterfeit checks for the conspirators to use in making fraudulent retail purchases.

13.     It was further part of this conspiracy that all items fraudulently purchased by the conspirators were given to **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"**, who then transported or caused the transportation of the items to Chicago, Illinois and elsewhere for resale.

14.     It was further part of the conspiracy that **Tyrone Y. Moore** or **William Anthony Dupree, a/k/a "Leslie Ivy"** or **Anthony L. Ivy, a/k/a "Big Anthony"** orchestrated this scheme from hotels where they stayed in the Eastern District of Missouri and elsewhere.

## OVERT ACTS

15.     In furtherance of the conspiracy, and to effect the objects thereof, overt acts were committed in the Eastern District of Missouri and elsewhere, including but not limited to the following:

a.     Between in or about August 2002 and continuing until in or about September 2002, **Lakeshia Dunn** knowingly used fraudulent, counterfeit, and worthless checks to make fraudulent transactions in the amount of $13,812.23 in the Eastern District of Missouri and elsewhere.

b.     In or about August 2002, **Lakeshia Dunn** opened checking account number 3477923050 at Bank of America.

7

c.    Between in or about November 2002 and continuing until in or about December 2002, **Tia Williams** knowingly used fraudulent checks to make fraudulent transactions in the amount of $8,317.65 in the Eastern District of Missouri and elsewhere.

d.    On or about November 4, 2002, **Tia Williams** traveled to St. Louis, Missouri and used the address of 5136 Lexington, St. Louis, Missouri 63115, to obtain a fraudulent Missouri state identification card.

e.    Between in or about May 2002 and continuing until in or about July 2002, **Priscella Zellarchafers** knowingly used fraudulent checks to make fraudulent transactions in the amount of $36,587.46 in the Eastern District of Missouri and elsewhere.

f.    On or about May 24, 2002, **Priscella Zellarchaffers** traveled to St. Louis, Missouri and used the address of 4579 Laclede, St. Louis, Missouri 63108, to obtain a fraudulent Missouri state identification card.

g.    Between in or about August 2002 and continuing until in or about March 2003, **Natalie Roberts** knowing used fraudulent checks to make fraudulent transactions in the amount of $30,225.00 in the Eastern District of Missouri and elsewhere.

h.    On or about March 28, 2003, **Natalie Roberts** traveled to Florida and used the address of 2229 W. 15th Street, Jacksonville, Florida 32209, to obtain a fraudulent Florida state identification card.

8



i.   Between in or about June 2002 and continuing until in or about July 2002,
     **Jeaneissa L. Watkins** knowingly used fraudulent checks to make
     fraudulent transactions in the amount of $24,375.48 in the Eastern District
     of Missouri and elsewhere.

j.   On or about June 27, 2002, **Jeaneissa L. Watkins** traveled to St. Louis,
     Missouri and used the address of 9648 Olive, St. Louis, Missouri 63132,
     to obtain a fraudulent Missouri state identification card.

k.   Between in or about March 2003 and continuing until in or about May
     2003, **Israel Lewis** knowingly used fraudulent checks to make fraudulent
     transactions in the amount of $15,797.40 in the Eastern District of
     Missouri and elsewhere.

l.   On or about May 2, 2003, **Israel Lewis** traveled to St. Louis,
     Missouri and used the address of 1159 Euclid Ave, St. Louis, Missouri
     63108, to obtain a fraudulent Missouri state identification card.

m.   Between in or about April 2003 and continuing until in or about May
     2003, **Katherine L. Alter, a/k/a "Katherine L. Moore"** knowingly used
     fraudulent checks to make fraudulent transactions in the amount of
     $14,007.71 in the Eastern District of Missouri and elsewhere.

n.   On or about May 1, 2003, **Katherine L. Alter, a/k/a "Katherine L.
     Moore"** traveled to St. Louis, Missouri and used the address of 4741

9

Central Avenue, Kansas City, Missouri 64112, to obtain a fraudulent Missouri state identification card.

o.    Between in or about March 2003 and continuing until in or about April 2003, **Jennifer L. Jones** knowingly used fraudulent checks to make fraudulent transactions in the amount of $22,304.88.

p.    On or about March 28, 2003, **Jennifer L. Jones** traveled to Florida and used the address of 1127 Pippen Street, Jacksonville, Florida 32207, to obtain a fraudulent Florida state identification card.

q.    Between in or about June 2002 and continuing until in or about April 2003, **Lakreathcia F. Wideman** knowingly used fraudulent checks to make fraudulent transactions in the amount of $17,119.66 in the Eastern District of Missouri and elsewhere.

r.    On or about June 27, 2002, **Lakreathcia F. Wideman** traveled to St. Louis, Missouri and used the address of 9051 Watson Road, St. Louis, Missouri 63126, to obtain a fraudulent Missouri state identification card.

s.    Between in or about October 2002 and continuing until in or about November 2002, **Brandice Garrett** knowingly used fraudulent checks to make fraudulent transactions in the amount of $5,372.97 in the Eastern District of Missouri and elsewhere.

10

t.     On or about November 13, 2002, **Brandice Garrett** traveled from

Chicago, Illinois to O'Fallon, Missouri to fraudulently purchase a Dewalt

combo tool kit from Lowe's.

u.     Between in or about April 2002 and continuing until in or about February

2003, **William Anthony Dupree, a/k/a "Leslie Ivy"** knowingly used

fraudulent checks to make fraudulent transactions in the amount of

$48,810.57 in the Eastern District of Missouri and elsewhere.

v.     In or about June 2004,  **William Anthony Dupree, a/k/a "Leslie Ivy"**

met with **Tyrone Y. Moore, Anthony L. Ivy, a/k/a "Big Anthony",** and

check writers **Lakeshia M. Dunn** and **Natalie Roberts** at Dave and

Busters restaurant in the Eastern District of Missouri to discuss the check

writing scheme and to recruit **Natalie Roberts** as a participant in the

scheme.

w.     On or about September 6, 2002, **William  Anthony Dupree, a/k/a**

**"Leslie Ivy",** traveled to St. Louis, Missouri with **Tyrone Y. Moore** to

participate in the scheme detailed above.

x.     Beginning in or about March 2003, and continuing until in or about April

2003, **William Anthony Dupree, a/k/a "Leslie Ivy"** met with **Natalie**

**Roberts, Jennifer Jones** and **Lakreathcia F. Wideman** in Jacksonville,

Florida where he directed and organized their participation in making

fraudulent purchases with fraudulent checks as detailed above.

11



y.      Beginning in or about March 2002, with the exact date unknown and continuing until in or about September 2003, in the Eastern District of Missouri and elsewhere **Alberto Santos, a/k/a "TICO,"** was paid $6,000.00 by **Tyrone Y. Moore** for his participation in the scheme detailed above.

z.      Beginning in or about March 2002, with the exact date unknown and continuing until in or about September 2003, in the Eastern District of Missouri and elsewhere **Alberto Santos, a/k/a "TICO,"** delivered new tools from an airport in Chicago, Illinois to **Tyrone Y. Moore.**

aa.     In or about April 2003 **Alberto Santos, a/k/a "TICO,"** opened a checking account #8875849994 at TCF Bank.

bb.     On or about November 5, 2001, **Alberto Santos, a/k/a  "TICO,"** traveled to St. Louis, Missouri and used the address of 9648 Olive, St. Louis, Missouri 63132, to obtain a fraudulent Missouri state identification card.

cc.     On or about July 16, 2002, **John A. Landry, IV**, traveled to St. Louis, Missouri and used the address of 1453 LaSalle Lane, St. Louis, Missouri 63104, to obtain a fraudulent Missouri state identification card.

dd.     In or about April 2003, **John A. Landry, IV** knowingly used fraudulent checks to make fraudulent transactions in the amount of $11,524.92.

ee.    In or about December 2003, **Glen F. Harrell, a/k/a "Robert T. Addisson", a/k/a "The Rev,"** drove **Katherine L. Alter, a/k/a "Katherine L. Moore"** to obtain an Ohio identification card.

ff.    In or about June 2004, **Glen F. Harrell, a/k/a "Robert T. Addisson, a/k/a "The Rev,"** drove around Natalie Roberts and Jennifer Jones in and around the Chicago, Illinois metropolitan area to obtain fraudulent Illinois state identification cards and to multiple retail stores to make fraudulent purchases.

gg.    In or about April 2003, **James H. Landry** introduced his ex-girlfriend, **Katherine L. Alter, a/k/a "Katherine L. Moore",** to **Tyrone Y. Moore** for the purpose of recruiting her to participate in this scheme.

hh.    Beginning in or about March 2002, with the exact date unknown and continuing until in or about September 2003, in the Eastern District of Missouri and elsewhere **James H. Landry** furthered the scheme described above by serving as a driver for **Tyrone Y. Moore.**

ii.    In or about May 2002, **Anthony L. Ivy, a/k/a "Big Anthony,"** met with **Tyrone Y. Moore** and **Priscella Zellarchaffers** for the purpose of recruiting **Priscella Zellarchaffers** to participate in the scheme detailed above.

jj.    On or about May 24, 2002, **Anthony L. Ivy, a/k/a "Big Anthony",** drove **Priscella Zellarchaffers** from Chicago, Illinois to St. Louis, Missouri to

13

obtain a fraudulent Missouri state identification card and drove her to various retail establishments to make fraudulent purchases.

kk.    In or about June 2004, **Anthony L. Ivy, a/k/a "Big Anthony"**, drove **Lakeshia M. Dunn** to a Lowe's store in the Eastern District of Missouri to make her first fraudulent purchase in this scheme.

ll.    In or about November 2002, **Tyrone Y. Moore** created and provided **Brandice Garrett** with checks to make fraudulent purchases at Lowe's and Home Depot Stores in the Eastern District of Missouri.

mm.    In or about September 2003, **Tyrone Y. Moore** created and provided **Priscella Zellarchaffers** with checks to make fraudulent purchases from various retail stores in the Eastern District of Missouri and elsewhere.

nn.    In or about June 2004, **Tyrone Y. Moore** created and provided **Jennifer Jones, Natalie Roberts** and **Lakeshia Dunn** with checks to make fraudulent purchases from various retail stores in the Eastern District of Missouri and elsewhere.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The Grand Jury further charges that:

1.    On or about August 22, 2002, in the Eastern District of Missouri

**TYRONE Y. MOORE and LAKESHIA DUNN,**

the defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud

Allegiant Bank, insured by the FDIC, and to obtain monies, funds, assets and other property

owned by or under the custody or control of said bank, by means of material false and fraudulent

pretenses, representations, and promises.

2.     It was part of the scheme and artifice to defraud that the defendants created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

3.     It was further part of the scheme and artifice that the defendants knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

4.     On or about August 22, 2002, in the Eastern District of Missouri, the defendants

knowingly executed and attempted to execute the scheme and artifice as set forth above, in that

the defendants knowingly presented a counterfeit check # 3363, in the amount of $1,071.10,

drawn on Allegiant Bank account # 108012027, at Lowe's, O'Fallon, Missouri, in order to make a

fraudulent purchase.

In violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT THREE

The Grand Jury further charges that:

1.     On or about May 25, 2002, in the Eastern District of Missouri

**TYRONE Y. MOORE and PRISCELLA ZELLARCHAFFERS,**

15

the defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud

TCF Bank, insured by the FDIC, and to obtain monies, funds, assets and other property owned by

or under the custody or control of said bank, by means of material false and fraudulent pretenses,

representations, and promises.

2.      It was part of the scheme and artifice to defraud that the defendants created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

3.      It was further part of the scheme and artifice that the defendants knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

4.      On or about May 25, 2002, in the Eastern District of Missouri, the defendants

knowingly executed and attempted to execute the scheme and artifice as set forth above, in that

the defendants knowingly presented a worthless check, # 4360, in the amount of $1,711.50,

drawn on the TCF Bank account # 5875670618, at Lowe's, Chesterfield, Missouri, in order to

make a fraudulent purchase.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

The Grand Jury further charges that:

1.      On or about November 4, 2002, in the Eastern District of Missouri

**TYRONE Y. MOORE and TIA WILLIAMS,**

16

the defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud

TCF Bank, insured by the FDIC, and to obtain monies, funds, assets and other property owned

by or under the custody or control of said bank, by means of material false and fraudulent

pretenses, representations, and promises.

2.      It was part of the scheme and artifice to defraud that the defendants created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

3.      It was further part of the scheme and artifice that the defendants knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

4.      On or about November 4, 2002, in the Eastern District of Missouri, the defendants

knowingly executed and attempted to execute the scheme and artifice as set forth above, in that

the defendants knowingly presented a counterfeit check # 3382, in the amount of $535.55, drawn

on TCF Bank account # 8875758873, at Home Depot, St. Charles, Missouri, in order to make a

fraudulent purchase.

In violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT FIVE

The Grand Jury further charges that:

1.      On or about August 23, 2002, in the Eastern District of Missouri

**TYRONE Y. MOORE and NATALIE ROBERTS,**

17

the defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud

Allegiant Bank, insured by the FDIC, and to obtain monies, funds, assets and other property

owned by or under the custody or control of said bank, by means of material false and fraudulent

pretenses, representations, and promises.

2.      It was part of the scheme and artifice to defraud that the defendants created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

3.      It was further part of the scheme and artifice that the defendants knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

4.      On or about August 23, 2002, in the Eastern District of Missouri, the defendants

knowingly executed and attempted to execute the scheme and artifice as set forth above, in that

the defendants knowingly presented a counterfeit check # 3371, in the amount of $1,071.10,

drawn on Allegiant Bank account # 108012829, at Lowe's, O'Fallon, Missouri, in order to make a

fraudulent purchase.

In violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT SIX

The Grand Jury further charges that:

1.      On or about June 15, 2002, in the Eastern District of Missouri

**TYRONE Y. MOORE and JEANEISSA L. WATKINS,**

18

the defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud

TCF Bank, insured by the FDIC, and to obtain monies, funds, assets and other property owned

by or under the custody or control of said bank, by means of material false and fraudulent

pretenses, representations, and promises.

2.    It was part of the scheme and artifice to defraud that the defendants created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

3.    It was further part of the scheme and artifice that the defendants knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

4.    On or about June 15, 2002, in the Eastern District of Missouri, the defendants

knowingly executed and attempted to execute the scheme and artifice as set forth above, in that

the defendants knowingly presented a worthless check # 4431, in the amount of $3,105.53,

drawn on TCF Bank account # 1875630768, at Lowe's, Chesterfield, Missouri, in order to make a

fraudulent purchase.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SEVEN

The Grand Jury further charges that:

1.    On or about November 13, 2002, in the Eastern District of Missouri

**TYRONE Y. MOORE and BRANDICE GARRETT,**

19

the defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud

First Midwest Bank, insured by the FDIC, and to obtain monies, funds, assets and other property

owned by or under the custody or control of said bank, by means of material false and fraudulent

pretenses, representations, and promises.

2.     It was part of the scheme and artifice to defraud that the defendants created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

3.     It was further part of the scheme and artifice that the defendants knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

4.     On or about November 13, 2002, in the Eastern District of Missouri, the

defendants knowingly executed and attempted to execute the scheme and artifice as set forth

above, in that the defendants knowingly presented a worthless check # 4453, in the amount of

$1,071.10, drawn on First Midwest Bank account # 7100799456, at Lowe's, O'Fallon, Missouri,

in order to make a fraudulent purchase.

In violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT EIGHT

The Grand Jury further charges that:

1.     On or about May 4, 2003, in the Eastern District of Missouri

**TYRONE Y. MOORE and ISREAL CORTEZ LEWIS,**

20

the defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud

TCF Bank, insured by the FDIC, and to obtain monies, funds, assets and other property owned by

or under the custody or control of said bank, by means of material false and fraudulent pretenses,

representations, and promises.

    2.      It was part of the scheme and artifice to defraud that the defendants created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

    3.      It was further part of the scheme and artifice that the defendants knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

    4.      On or about May 4, 2003, in the Eastern District of Missouri, the defendants

knowingly executed and attempted to execute the scheme and artifice as set forth above, in that

the defendants knowingly presented a worthless check # 3828, in the amount of $1,071.10,

drawn on TCF Bank account # 5875877898, at Lowe's, Ballwin, Missouri, in order to make a

fraudulent purchase.

    In violation of Title 18, United States Code, Sections 1344 and 2.

**COUNT NINE**

    The Grand Jury further charges that:

1.      On or about May 6, 2003, in the Eastern District of Missouri

**TYRONE Y. MOORE and
KATHERINE L. ALTER, a/k/a "KATHERINE L. MOORE",**

21

the defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud

TCF Bank, insured by the FDIC, and to obtain monies, funds, assets and other property owned by

or under the custody or control of said bank, by means of material false and fraudulent pretenses,

representations, and promises.

2.      It was part of the scheme and artifice to defraud that the defendants created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

3.      It was further part of the scheme and artifice that the defendants knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

4.      On or about May 6, 2003, in the Eastern District of Missouri, the defendants

knowingly executed and attempted to execute the scheme and artifice as set forth above, in that

the defendants knowingly presented a worthless check # 3876, in the amount of $1,074.01,

drawn on TCF Bank account # 9875877934, at Home Depot, St. Louis, Missouri, in order to

make a fraudulent purchase.

In violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT TEN

The Grand Jury further charges that:

1.      On or about May 10, 2002, in the Eastern District of Missouri

**WILLIAM ANTHONY DUPREE, a/k/a "LESLIE IVY",**

22

the defendant herein, knowingly devised and intended to devise a scheme and artifice to defraud

TCF Bank, insured by the FDIC, and to obtain monies, funds, assets and other property owned by

or under the custody or control of said bank, by means of material false and fraudulent pretenses,

representations, and promises.

    2.    It was part of the scheme and artifice to defraud that the defendant created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

    3.    It was further part of the scheme and artifice that the defendant knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

    4.    On or about May 10, 2002, in the Eastern District of Missouri, the defendant

knowingly executed and attempted to execute the scheme and artifice as set forth above, in that

the defendant knowingly presented a worthless check # 4997, in the amount of $1,545.28, drawn

on TCF Bank account # 2875666685, at Pro Golf discount, St. Peters, Missouri, in order to make

a fraudulent purchase.

    In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT ELEVEN

    The Grand Jury further charges that:

    1.    On or about June 22, 2002, in the Eastern District of Missouri

        **TYRONE Y. MOORE and LAKREATHCIA WIDEMAN,**

23

the defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud

TCF Bank, insured by the FDIC, and to obtain monies, funds, assets and other property owned by

or under the custody or control of said bank, by means of material false and fraudulent pretenses,

representations, and promises.

    2.      It was part of the scheme and artifice to defraud that the defendants created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

    3.      It was further part of the scheme and artifice that the defendants knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

    4.      On or about June 22, 2002, in the Eastern District of Missouri, the defendants

knowingly executed and attempted to execute the scheme and artifice as set forth above, in that

the defendants knowingly presented a worthless check # 4482, in the amount of $200.00, drawn

on TCF Bank account # 1875603198, an account registered to Jeaneissa Watkins, at Borders,

St. Louis, Missouri, in order to make a fraudulent purchase.

    In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWELVE

    The Grand Jury further charges that:

    1.      On or about May 25, 2002, in the Eastern District of Missouri

        **TYRONE Y. MOORE and JOHN A. LANDRY, IV,**

the defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud

TCF Bank, insured by the FDIC, and to obtain monies, funds, assets and other property owned by

or under the custody or control of said bank, by means of material false and fraudulent pretenses,

representations, and promises.

    2.    It was part of the scheme and artifice to defraud that the defendants created and

obtained counterfeit and/or worthless checks drawn or purportedly drawn on checking accounts

held at the bank.

    3.    It was further part of the scheme and artifice that the defendants knowingly took

said counterfeit and/or worthless checks to various retail establishments in the Eastern District of

Missouri and elsewhere and made fraudulent purchases.

    4.    On or about May 25, 2002, in the Eastern District of Missouri, the defendants

knowingly executed and attempted to execute the scheme and artifice as set forth above, in that

the defendants knowingly presented a worthless check # 4549, in the amount of $2,121.59,

drawn on TCF Bank account # 8875685542, at Home Depot, Bridgeton, Missouri, in order to

make a fraudulent purchase.

    In violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT THIRTEEN

The Grand Jury further charges that:

    On or about June 20, 2003, in the Eastern District of Missouri,

**WILLIAM ANTHONY DUPREE, a/k/a "LESLIE IVY",**

the defendant herein, using the name Leslie Ivy, with intent to deceive, did falsely represent that

a number was the Social Security Account Number assigned to him by the Commissioner of

Social Security, for the purpose of obtaining a Missouri state identification card, when in truth

and in fact, as defendant then knew, the number he represented was not the Social Security

Account Number assigned to him.

     In violation of Title 42, United States Code, Section 408(a)(7)(B).


                                   A TRUE BILL.



                                _____

                                   FOREPERSON


JAMES G. MARTIN
United States Attorney


_____
MATTHEW T. SCHELP, #94363
Assistant United States Attorney




26

Case 4:05-cr-00249-CAS    Document 356    Filed 12/21/2005    Page 1 of 5

AO 245B (Rev. 06/05)
Sheet 1- Judgment in a Criminal Case

# United States District Court
### Eastern District of Missouri

UNITED STATES OF AMERICA

v

BRANDICE GARRETT

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: 4:05CR249CAS

USM Number: 32068-044

Shawn Goulet
**Defendant's Attorney**

THE DEFENDANT:

☒ pleaded guilty to count(s)  one of the indictment on 9/29/05

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Commit Bank Fraud | 9/03 | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) 7 _____ is ____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 21, 2005
Date of Imposition of Judgment

Signature of Judge

Charles A . Shaw
United States District Judge
Name & Title of Judge

December 21, 2005
Date signed

JAMES G. WOODWARD, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _____
DEPUTY CLERK

Record No.:  176

AO 245B (Rev. 06/05)    Judgment in Criminal Case    Sheet 4 -Probation

Judgment-Page __2__ of __5__

DEFENDANT: BRANDICE GARRETT
CASE NUMBER: 4:05CR249CAS
District: Eastern District of Missouri

# PROBATION

The defendant is hereby sentenced to probation for a term of:

3 years probation, this term of probation may be terminated after two years if the defendant complies with all of her imposed conditions of probation.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm , destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The Defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchas, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05)     Case 4:05-cr-00249-CAS     Document 356     Filed 12/21/2005     Page 3 of 5
Judgment in Criminal Case     Sheet 4A - Probation

Judgment-Page  3  or  5

DEFENDANT:  BRANDICE GARRETT
CASE NUMBER:  4:05CR249CAS
District:  Eastern District of Missouri

# ADDITIONAL PROBATION TERMS

1. The defendant shall participate in the Home Confinement Program for a period of  two (2)  months.  During this time, you will remain at your place of residence except for employment and other activities approved in advance by the United States Probation Office.  As instructed by the United States Probation Office, you may be required to maintain a telephone at your place of residence without 'call to forwarding', modem, 'caller I.D.', 'call waiting', portable cordless telephones, answering machines/service, or any other feature or service which would interfere with the operation of home confinement monitoring equipment for the above period.  The Court finds that the defendant does not have the ability to pay the daily costs of any monitoring.

2. The defendant shall participate in a mental health program as approved by the United States Probation office.   The defendant shall pay for the costs associated with treatment based on a co-payment sliding fee scale approved by the United States Probation Office. Co-payments shall never exceed the total costs of services provided.

3. The defendant shall participate in GED classes as approved by the Probation Office.

4. The defendant shall provide the probation officer and the Financial Litigation Unit (FLU) of the U.S. Attorney's Office with the access to any requested financial information.  The defendant  is advised that the probation office may share financial information with FLU.

5. The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments and/or other anticipated or unexpected financial gains to the outstanding Court-Ordered financial obligations. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

6. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the United States Probation Office so long as there is a balance on the Court-imposed financial obligation.

7. The defendant shall pay the restitution as previously ordered by the Court.

*The defendant shall make restitution in the total amount of $5,372.97 to. (1) Lowe's Company Inc., P.O. Box 1111-HS01, North Wilkesboro, North Carolina 28656,Attn:Restitution, which suffered a loss amount of $5,184.15 and ; (2) Fashion Bug Brand Headquarters, , Attn: Fraud Unit-Regarding Restitution, 450 Winks Lane, Bensalem, Pennsylvania 19020, which suffered a total loss of $188.82. Should future additional defendants be determined to be responsible for same losses, this obligation shall be joint and several , meaning that no further payments shall be required after sum of the amount actually paid by all defendants has fully covered the compensable injuries. Payments of restitution shall be made to the clerk of Court for transfer to the victims. Restitution is due immediately, but if the defendant is unable to pay the restitution in full immediately, then restitution shall be paid in monthly installments of at least $100.00, with payments to commence no later than 30 days after release from imprisonment . The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Case 4:05-cr-00249-CAS    Document 356    Filed 12/21/2005    Page 4 of 5

AO 245B (Rev. 06/05)    Judgment in Criminal Case    Sheet 5 - Criminal Monetary Penalties

Judgment-Page __4__ of _5_

DEFENDANT: BRANDICE GARRETT
CASE NUMBER: 4:05CR249CAS
District: Eastern District of Missouri

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | | $5,372.97 |

☐ The determination of restitution is deferred until _____. *An Amended Judgment in a Criminal Case (AO 245C)* will be entered after such a determination.

☐ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Lowe's Company Inc. Attn: Restitution | | $5,184.15 | |
| P.O Box 1111-HSO1, North Wilkesboro, North Carolina 28656 | | | |
| Fashion Bug Brand Headquarters Attn: Fraud Unit-Regarding Restitution | | | |
| 450 Winks Lane, Bensalem, Pennsylvania 19020 | | $188.82 | |
| Totals: | | $5,372.97 | |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived for the.   ☐ fine and /or   ☐ restitution.

    ☐ The interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 06/05)    Judgment in Criminal Case    Sheet 6 – Schedule of Payments

Judgment-Page _5_ of _5_

DEFENDANT: BRANDICE GARRETT
CASE NUMBER: 4:05CR249CAS
District: Eastern District of Missouri

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $100.00 special assessment due immediately, balance due

      ☐ not later than _____ , or

      ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below; or ☐ F below; or

**C** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

**See page 3 for restitution payment instruction**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ **Joint and Several**
    Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest (6) community restitution.(7) penalties, and (8) costs, including cost of prosecution and court costs.